UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN BADE, Personal Representative
of the Estate of JERRY ALLEN BADE,   No. 11-10780

    Plaintiff,   District Judge Arthur J. Tarnow

v.   Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,

    Defendant.
                                                  /

**OPINION AND ORDER GRANTING MOTION TO AMEND**

Defendant's Motion to Amend Answer and Affirmative Defenses [Doc. #27] is hereby GRANTED.

Paragraph 7 of Defendant's original Answer [Doc. #14] reads as follows:

"Defendant admits the allegations in paragraph 7 of the Complaint."

Defendant seeks to amend ¶ 7 as follows:

"Defendant admits that Robin Bade submitted a written claim for damages to Defendant United States of America, by and through the Department of Health and Human Services, on May 5, 2010, but that such claim was not brought by the Personal Representative of the estate of Jerry Bade."

Defendant also seeks to add three affirmative defenses: that the Court does not have subject matter jurisdiction; that Robin Bade was not the real party in interest at the time the complaint was filed; and that "some or all of the claims of the Plaintiff are barred by the statute of limitations."

Fed.R.Civ.P. 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. However, leave to amend may be denied if the amendment would be futile. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010), citing

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). In this case, Plaintiff argues that amendment would be futile for the following reason:

> "Defendant's subject matter jurisdiction argument is premised upon the contention that an expiration date contained on the original letters of authority divested Robbin Bade of her authority to act as personal representative of the Estate after June 1, 2009. That argument was completely rejected by the Presque Isle County Probate Court on December 16, 2011." *Plaintiff's Response* [Doc. #31], at 3.

The December 16, 2011 Probate Court order provided that Ms. Bade "has continuously since February 27, 2009 possessed all authority and responsibility as conferred by the laws of the State of Michigan for such estate fiduciaries," and further ordered "that the letters of authority issued by this court on February 27, 2009 are hereby amended, *nunc pro tunc*, to provide an expiration date of June 29, 2011." The issues regarding the proper construction of Michigan probate law, and the effect of a *nunc pro tunc* order amending the expiration date of Ms. Bade's letters of authority have been briefed and are pending before this Court in the context of Defendant's motion to dismiss [Doc. #20], including supplemental briefing and objections to supplemental briefing [Doc. #49, #50 and #51].[1] Defendant may or may not prevail on its motion to dismiss, but at this point I cannot say that as a matter of pleading Defendant's amended answer or affirmative defenses would be futile. Nor would it be appropriate for me to preempt the District Judge's decision on issues that have been more fully briefed and developed in the motion to dismiss.

Accordingly, Defendant's motion to amend [Doc. #27] is GRANTED.

---

[1] In its supplemental brief in support of its motion to dismiss [Doc. #49], Defendant refers to "questions crystallized at the hearing on March 6, 2012." However, the docket entries do not reflect that a hearing was held on that date.

IT IS SO ORDERED.

                                                s/R. Steven Whalen
                                                UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 27, 2012.

                                                s/Susan Jefferson
                                                Deputy Clerk