UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBBIN BADE,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

Case No.  11-10780

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [20] AND GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT [22]

Before the court is Defendant United States of America's Motion to Dismiss [20] and Plaintiff Robin Bade's Motion for Default Judgment [22].  On February 28, 2012, the court held a hearing on the motions.  For the reasons stated below, Defendant's Motion to Dismiss is DENIED.  Plaintiff's Motion for Default is GRANTED IN PART.

This is a case brought pursuant to the Federal Tort Claims Act ("FTCA").  Plaintiff alleges that Dr. Michael Fairbanks, a doctor in the employee of Thunder Bay Community Health Services, Inc., was negligent in the treatment and care of her husband, Jerry Bade.  As Thunder Bay Community Health Services, Inc. is a facility owned and operated by the United States, the United States is solely liable for the alleged negligence.

### I. Procedural Background

Plaintiff originally filed this action on February 25, 2011.  Defendant's Motion to Dismiss [20] was filed on October 28, 2011.  Plaintiff filed a Response on November 18, 2011.  Defendant filed a Reply on December 16, 2011.  Plaintiff's Motion for Default [22] was filed on November 11, 2011.  Defendant filed a Response [25] on December 2, 2011.  Plaintiff filed a Supplemental Brief [34] on

January 9, 2012.  Defendant filed a Supplemental Brief [36] on January 10, 2012.  Defendant filed a post-hearing Supplemental Brief [49] on March 7, 2012.

## II. Factual Background

This case concerns the death of Plaintiff's husband, Jerry Bade.  Bade committed suicide on May 14, 2008.  Plaintiff contends that Dr. Michael Fairbanks improperly treated her husband, resulting in his suicide.

Plaintiff Robbin Bade was appointed administrator of her husband's estate on June 13, 2008.  The estate was closed following the filing of a sworn statement on or about October 29, 2008.  Plaintiff then began to investigate the possibility of a wrongful death action.  Plaintiff petitioned to have the estate reopened on February 27, 2009.  The Probate Court Registrar issued "Letters of Authority" to Plaintiff.  The Letters contained an expiration date of June 1, 2009.  On February 17, 2010, Plaintiff filed a Notice of Continued Administration with the Probate Court, to inform the court that the estate's personal representative was still administering the estate, and that it should not be closed.  On February 11, 2011, Plaintiff again submitted a Notice of Continued Administration.  Plaintiff contends that at all times, she has been the duly authorized personal representative of the estate of her husband, Jerry Bade.

Prior to filing her complaint in federal court, Plaintiff filed two "Claims for Damage, Injury or Death" in the amount of $1,000,000.00 with the Department of Health and Human Services, a requirement under the FTCA.  Plaintiff submitted these claims on April 28, 2010, and May 5, 2010.  The claims were denied based on a determination by the Department that no negligence had occurred.  Tr. of February 28, 2012 Hr'g ("Tr.") at 17.  Plaintiff filed the complaint on February 25, 2011.  Plaintiff's complaint was accompanied by an Affidavit of Merit signed by Dr. Elliot Felman.  Defendant Answered Plaintiff's complaint on June 10, 2011.

### III. Analysis

### Defendant's Motion to Dismiss [20]

Defendant moves to dismiss, arguing that Plaintiff has failed to exhaust her administrative remedies and, therefore, that this court lacks subject-matter jurisdiction:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

This requirement is jurisdictional in nature. *See, e.g., Allstate Ins. Co. v. Quick*, 245 F. Supp. 2d 706 (S.D. Ohio 2002) (holding that FTCA tort claims against the United States must be dismissed if administrative review procedure is not exhausted).

It is undisputed that Plaintiff submitted a Claim to the United States Department of Health and Human Services ("the Department"). Defendant disputes, however, that Plaintiff is a proper "claimant." According to 28 C.F.R. § 14.3(c), "a claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." Under Michigan Law, a wrongful death suit "shall be brought by, and in the name of, the personal representative of the estate of the deceased." Mich. Comp. L. § 600.2922(2). The requirement that the personal representative bring the action is "mandatory." *Maiuri v. Sinacola Const. Co.*, 170 N.W.2d 27 (Mich. 1969).

Defendant's main contention is that Plaintiff was not the personal representative of her husband's estate when she made the claim to the Department and therefore was not a proper "claimant." Defendant bases this contention on the expiration date on the "Letters of Authority" given

to Plaintiff on February 27, 2009. The Letters contained an expiration date of June 1, 2009.  It is Defendant's contention that Plaintiff ceased to be personal representative of the estate after June 1, 2009, because her Letters of Authority had expired. Defendant therefore contends that Plaintiffs claim to the Department of Health and Human Services was not a "claim" as defined by the Federal Tort Claims Act, because Plaintiff would not have been "the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law."

Defendant also contends that Plaintiff was not personal representative of the estate in February of 2011, when the complaint was filed. Defendant contends that Plaintiff was not personal representative of the estate until June 29, 2011, when new Letters of Authority were issued, which expire on February 27, 2012.

Plaintiff responds that she has been the estate's personal representative continuously since February of 2009, because a person does not cease to be a personal representative except by action of the Probate Court or closure of the estate.  As neither of these events occurred, Plaintiff contends she satisfies the requirements of the Federal Tort Claims Act and applicable Michigan law when making her claim to the Department of Health and Human Services.  Plaintiff also contends, in the alternative, that even if she was not the personal representative of the estate at the time she made her claim to the Department of Health and Human Services, she was the personal representative at the time the complaint was filed.  Finally, Plaintiff contends even if she was not personal representative at any time prior to June 29, 2011, her status "relate[s] back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment."  Mich. Comp. L. § 700.3619.

**Plaintiff's Status at Time of Claim**

Plaintiff's status at the time of her claim to the Department is irrelevant given the holding in *Knapp v. United States*, 844 F.2d 376 (6th Cir. 1988). In *Knapp*, Plaintiff brought her claim against the Veterans Administration under the FTCA prior to her appointment as personal representative of her husband's estate. The VA refused to engage in settlement discussion because it stated that the plaintiff was not the personal representative of the estate. After being appointed personal representative, the plaintiff in *Knapp* then brought suit. The court found that "[w]hile the VA could refuse to negotiate settlement with Mrs. Knapp because she had not qualified and received letters of authority when she presented her claim, this circumstance had no effect on her rights to sue under the FTCA once she qualified." 844 F.2d at 380. "When [the FTCA] action was filed in district court Mrs. Knapp was the duly qualified personal representative of her husband's estate, the person permitted by Michigan law to bring a wrongful death action . . . [h]er failure to present the administrative claim to the VA prior to expiration of two years merely deprived her of the opportunity for an out-of-court settlement. It did not affect the jurisdiction of the district court." *Id.* at 379. *See also Emch v. United States*, 474 F. Supp. 99 (E.D. Wis. 1979), *aff'd* 630 F.2d 523, *cert denied* 450 U.S. 966 (holding that the purpose of the jurisdictional requirement for suit that claim be first presented to the appropriate administrative agency is to permit administrative consideration of and settlement of claims and to avoid unnecessary litigation). In this case, HHS did in fact consider and reject Plaintiff's claim on the merits. Tr. at 8.

Thus, Plaintiff's status at the time her claim was filed before the Department of Health and Human Services is irrelevant according to *Knapp*; Plaintiff's status at the time the complaint was filed (February 25, 2011) is the critical question and is addressed below.

Defendant argues that this Court should find *Mader v. United States*, 2011 WL 3903256 (8th Cir. 2011) persuasive.  In *Mader*, the plaintiff's status as personal representative had been terminated at her own instigation prior to her filing a claim with the appropriate agency.  The Eighth Circuit found this question dispositive regarding the plaintiff's exhaustion of administrative remedies in her FTCA claim.  *Mader* is not the law in the Sixth Circuit and, to the extent it conflicts with *Knapp*, the court does not find it persuasive.

Nevertheless, as discussed below, the court also finds that even were it to adopt the holding in *Mader*, Plaintiff has presented ample evidence that she was the personal representative of the estate at the time the administrative claim was filed.

### Plaintiff's Status at Time Complaint was Filed

Plaintiff filed her complaint on February 25, 2011.  Plaintiff petitioned to have the estate reopened on February 27, 2009.  The Probate Court Registrar issued "Letters of Authority" to Plaintiff.  The Letters contained an expiration date of June 1, 2009.  On February 17, 2010, Plaintiff filed a Notice of Continued Administration with the Probate Court, to inform the court that the estate's personal representative was still administering the estate, and that it should not be closed.  On February 11, 2011, Plaintiff again submitted a Notice of Continued Administration.  Thus, at the time Plaintiff filed her complaint, she had twice filed Notices of Continued Administration, but had no unexpired "Letters of Authority."  Defendant argues that this means Plaintiff was not the personal representative of the estate.

According to Michigan statute, "to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters.  The issuance of letters *commences* an estate's administration."  Mich. Comp. L. § 700.3103 (emphasis added).  Thus, it seems that administration

of an estate does not commence until the personal representative is issued letters, and a personal representative does not acquire their powers until the letters are issued. It appears that Plaintiff therefore gained her status as personal representative when issued letters on February 27, 2009. Defendant places great weight on the requirement that a person be issued letters to acquire status as a personal representative, but this does not end the inquiry. The question is whether this status expired when Plaintiff's Letter of Authority expired.

Defendant contends that the expiration of the Letters of Authority constitutes expiration of Plaintiff's status as personal representative. Defendant argues that it "is axiomatic that an expiration date on letters of authority terminates the Letters of Authority." This may be true, but Defendant is unable to offer legal support for the theory that termination of Letters of Authority constitutes termination of the status as personal representative. Defendant contends that Plaintiff was not given new Letters of Authority (and thus did not resume her duties as personal representative) until June 29, 2011.

Plaintiff contends that her status as personal representative is terminated only by statute. She contends that the "Letters of Authority" function only as proof of her status, but that their expiration does not terminate said status. Termination of a personal representative is effected by statute, specifically Mich. Comp. L. § 700.3608, which states that "[t]ermination of appointment of a personal representative occurs as provided in sections 3609 to 3612. Termination ends the right and power pertaining to the office of personal representative as conferred by this act or a will, except that a personal representative, at any time before distribution or until restrained or enjoined by court order, may perform an act necessary to protect the estate and may deliver property to a successor personal representative." Notably, none of the circumstances denoted in sections 3609 to 3612 apply in this case. In addition, Mich. Comp. L. § 700.3610 emphasizes that termination of personal representative

status is by action of the court, stating that even in circumstances where a personal representative resigns, "[i]f no one applies or petitions for appointment of a successor personal representative within the time indicated in the notice, the filed statement of resignation is ineffective as a termination of appointment and is effective only upon the appointment and qualification of a successor personal representative."

Other sections of the statute emphasize that a personal representative is terminated only by action of the Probate Court. *See* Mich. Comp. L. § 700.3501(1) (stating that a court's authority in a "supervised administration" proceeding extends until the "discharging [of] the personal representative or other order terminating the proceeding"; Mich. Comp. L. § 700.3613 (successor personal representative may be appointed to succeed a personal representative whose appointment is terminated).

The court finds Defendant's argument unpersuasive. Defendant can point to no authority that suggests that Mich. Comp. L. § 700.3103, which requires the issuance of Letters of Authority as a prerequisite to the opening of an estate, means that expired Letters of Authority terminate a person's status as personal representative. Defendant's argument would also require the court to ignore the numerous Michigan statutes that carefully delineate when and how a person's status as personal representative is terminated.

### Probate Court Ruling

Plaintiff filed a supplemental brief on January 9, 2012. This brief is based on a December 16, 2011 ruling by the Presque Isle County Probate Court regarding Plaintiff's Letters of Authority. Plaintiff apparently sought clarification and a declaratory ruling from the Probate Court regarding her status as personal representative of decedent's estate. Defendant United States intervened in the probate proceeding. The Probate Court ruled in favor of Plaintiff, finding that expiration of Letters

of Authority did not terminate Plaintiff's status as  personal of her husband's estate.  The Probate

Court found that for termination "[a]ction is required."  The "power and duties attendant to the

appointment end only when the court accepts that the estate is fully probated, or when the court orders

the appointment ended. No *default* expiration of the fiduciary's powers and duties is recognized by

Michigan's statutory scheme."

Defendant argues that this Court should ignore the declaratory ruling of the Probate Court

because there was no "case or controversy" before the Probate Court.  However, under Michigan

precedent, to activate the "relate-back" provision of the probate law, discussed below, a plaintiff is

required to seek an order from the Probate Court.   "[W]here a validly appointed personal

representative institutes a wrongful death action under the mistaken belief that she has the authority,

yet later discovers her error and procures the proper authorization by probate order . . . the probate

order will relate back to the complaint such that the action is timely."  *Chernoff v. Sinai Hosp. of

Greater Detroit*, 2002 WL 483533, at *1 (Mich. App. 2002) (citing *Fisher v. Volkswagenwek

Atkiengesellschaft*, 321 N.W.2d 814 (Mich. App. 1982)).

Defendant argues that the ruling of the Probate Court is "inconsistent with the Michigan

statute, Michigan Court Rules, and Michigan caselaw."  Defendant, in their supplemental brief,

advances the same arguments regarding the expiration of Letters of Authority constituting expiration

of the status of personal representative.  Defendants base their argument on the holding in *Chernoff*,

2002 WL 483533, where the court held that a Plaintiff properly brought a wrongful death action

despite the closing of the estate and the termination of her Letters of Authority.  The court found the

wrongful death action properly brought because the plaintiff (1) had a reasonable belief at the time

the suit was filed that she had the authority as personal representative to do so, and (2) after the

instigation of the suit, the probate court reopened the estate and reestablished the plaintiff as personal

representative.  The Michigan Court of Appeals found that the "relate-back" provision of the probate laws, Mich. Comp. L. § 700.3619, discussed below, applied, and therefore plaintiff's wrongful death suit was appropriate.  In particular, the court discussed the fact that Defendant's entire argument rested on plaintiff's untimely reappointment as personal representative, rather than a failure to file a claim in the statutory period.  The court thus determined that plaintiff's wrongful death suit was appropriate.

*Chernoff* is not helpful to Defendant.  *Chernoff* does not hold that expiration of Letters of Authority means that a person's status as personal representative has ended.  "The pivotal issue presented is whether a plaintiff can have reasonable belief in his or her authority to file suit as a personal representative when the estate is closed and the letters of authority have expired." *Id.,* at *1. However, in discussing *Fisher v. Volkswagenwek Atkiengesellschaft*, 321 N.W.2d 814 (Mich. App. 1982) and *Saltmarsh v. Burnard*, 391 N.W.2d 382 (1986), the Michigan Court of Appeals implies that it is the closing of the estate, and not expiration of Letters of Authority, that controls the status as personal representative.  "The *Fisher* plaintiffs brought a wrongful death suit as personal representatives . . . after the estates had been closed and their authority as personal representatives had expired." *Chernoff*, 2002 WL 483533at *1.  Similarly, in *Saltmarsh*, "the decedent's widow filed a legal malpractice claim arising out of a wrongful death matter after the estate had been closed." *Id.*


Based upon the language of the statutes at issue (which discuss only *termination* of a personal representative based on order or closing of the estate), the holding of the Michigan Court of Appeals in *Chernoff*, *Fisher*, and *Saltmarsh*, and the order from the Presque Isle County Probate Court, the court finds that Plaintiff had status as personal representative based on the Letters of Authority issued February 25, 2009, and the continued administration of decedent's estate by Plaintiff since that time. The court finds that Plaintiff was the personal representative when her complaint was filed.

**Relate-Back Provision**

A personal representative's duties and powers commence upon appointment, and "relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment."  Mich. Comp. L. § 700.3619.  "A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative."  *Id.*  A person appointed "to whom general letters are issued . . . has exclusive authority under the letters until the appointment is terminated or modified."  Mich. Comp. L. § 700.3702.

The Michigan Court of Appeals has applied this provision in the wrongful death context. "This Court acknowledged in *Fisher* that where a validly appointed personal representative institutes a wrongful death action under the mistaken belief that she has the authority, yet later discovers her error and procures the proper authorization by probate order after the statute of limitations expires, the probate order will relate back to the complaint such that the action is timely."  *Chernoff*, 2002 WL 483533, at *1 (citing *Fisher v. Volkswagenwek Atkiengesellschaft*, 321 N.W.2d 814 (Mich. App. 1982)).

This case is similar to *Fisher*.  In both cases, the plaintiff instituted a wrongful death action with the belief that she was the personal representative.  In both cases, the belief was reasonable.  The court has already found that in this case Plaintiff *was* the personal representative under Michigan law at the time the complaint was filed, as the estate was never terminated as it was in *Fisher*.  As an alternative basis for denial of Defendant's Motion to Dismiss, however, Plaintiff's belief that she was the personal representative was reasonable, particularly in light of the holding in *Fisher* and *Saltmarsh*.

Defendant United States argues that the "relate back" power will not affect the case because "subject matter jurisdiction is determined at the time the complaint is filed." *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004). Defendant argues that at the time the complaint was filed, the court did not have subject-matter jurisdiction because Plaintiff was not the personal representative, and that therefore the relate back does not change whether the court has subject-matter jurisdiction. Defendant cites *McMiddleton v. Bolling*, 705 N.W.2d 720 (Mich. App. 2005) for support in this proposition. In *McMiddleton*, the Michigan Court of Appeals found that when a personal representative had filed a complaint for wrongful death after the statute of limitations had expired, and had then died, the appointment of a successor personal representative would not allow the lawsuit to proceed, because the relate back provision only established that the successor representative had always had the power of a personal representative. The relate back did not, however, change the fact that the filing of the lawsuit had been untimely.

Thus, the quote that "the subsequent appointment of a successor personal representative did not render the untimely filed complaint timely," 705 N.W.2d at 721, which Defendant relies upon, is not applicable to the instant case. Here, Plaintiff's complaint was timely filed. The relate back provision of Michigan law means that Plaintiff is legally considered to have been the personal representative of the estate since February 25, 2009. Thus, at the time her complaint was filed, she was the personal representative. There is no exception to the relate back provision for subject-matter jurisdiction.

*Warren v. Howlett*, 383 N.W.2d 636 (Mich. App. 1986), raised by Defendant in a supplemental brief filed after the hearing on this motion, is similarly unhelpful to Defendant. In *Howlett* the Michigan Court of Appeals raised the familiar question, discussed in both *Fisher* and *Chernoff*, regarding when the relate-back provision applies. The relate-back provision can apply when "the

administratrix acted in good faith and had some reasonable basis for believing that she had been duly appointed [as personal representative]." *Howlett*, 383 N.W.2d at 638-39 (citing *Castle v. Lockwood-MacDonald Hosp.*, 199 N.W.2d 252 (Mich. App. 1972)).  Defendant offers no argument as to why Plaintiff's belief that she was the personal representative at the time her claim or complaint were filed was unreasonable.

The court therefore finds that even if Plaintiff was not the personal representative because of the termination of her Letters of Authority, the relate back provision of Michigan law means that Plaintiff would nevertheless be considered the personal representative at the time of the filing of the complaint, given her reasonable belief that she was the representative at the time of filing.

Defendant United States' Motion to Dismiss [20] is DENIED.

### Plaintiff's Motion for Default Judgment [22]

Plaintiff moves for a default judgment pursuant to Federal Rule of Civil Procedure 55(b) and the failure of the Defendant to attach an Affidavit of Meritorious Defense to their Answer, a requirement under Michigan law.  Pursuant to Mich. Comp. L. § 600.2912e, a defendant has 91 days following the submission of a plaintiff's Affidavit of Merit to file an Affidavit of Meritorious Defense.

Under the Federal Tort Claims Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." *Brown v. United States*, 583 F.3d 916, 919 (6th Cir. 2009).  The choice of substantive law for a claim filed pursuant to the Federal Tort Claims Act depends on the location of the allegedly tortious act.  28 U.S.C. § 1346(b)(1); *see also Guerra Morales v. United States*, 416 F.3d 458 (6th Cir. 2005).  Procedural requirements are governed by Federal law.  *See* 28 U.S.C. §§ 1346(b)(1), 2674; *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996) (applying *Erie* analysis to determine whether a state law was substantive and applied to FTCA claims or was procedural and did not apply to FTCA claims).

The court is persuaded that the Affidavit of Merit/Meritorious Defense requirement is substantive in nature. First, Michigan courts seem to have treated the requirement as such. In *Dowidait v. Adams*, 2001 WL 824473 (Mich. App. 2001), the Michigan Court of Appeals found that "M.C.L. § 600.2912d is substantive rather than procedural . . . [and] involves substantive policy considerations regarding the avoidance of medical malpractice claims lacking merit." 2001 WL 824473, at *3. The Michigan Supreme Court has stated that the affidavit requirement is to "deter frivolous medical malpractice claims by verifying through the opinion of a qualified health professional that the claims are valid." *Barnett v. Hidalgo*, 732 N.W.2d 472, 479 (Mich. 2007). While this Court is not bound by a state court's interpretation of federal law (i.e., whether a particular requirement is procedural or substantive when applying the Federal Tort Claims Act), such holdings are persuasive.

In addition, several cases in the Eastern and Western District of Michigan have treated the requirement as substantive. For instance, in *Zappley v. Sharfenberg*, 2009 WL 2132727, at *1 (W.D. Mich. 2009), the court found that a plaintiff was required to file an affidavit of merit as part of the "substantive cause of action." Similarly, in *Luckett v. United States*, 2009 WL 1856417, at *6 (E.D. Mich. 2009) (Steeh, J.), the court granted summary judgment to the defendant because of a lack of an attached affidavit of merit; the court did not explicitly find that the requirement was substantive, but nevertheless applied Michigan law. In *Harrington v. Ann Arbor VA Hosp.*, 2011 WL 2435344 (E.D. Mich. June 16, 2011) (Ludington, J.) the court adopted a Report and Recommendation finding, as an alternative ground for dismissal, that the plaintiff had failed to file an affidavit of merit. 2011 WL 2448002, at *4 n.1 (E.D. Mich. May 23, 2011). On the other hand, one court denied judgment on the pleadings to a plaintiff when the United States as defendant did not attach an affidavit of meritorious defense in *Krcmarik v. United States*, Civil Action O. 04-cv-72275 (E.D. Mich. 2005) (Steeh, J.),

finding that the affidavit requirement was procedural rather than substantive.  The case later settled.  *Cf Luckett*, supra, where the court found the requirement substantive.

None of the courts mentioned above have engaged in an explicit *Erie* analysis to determine whether Michigan's requirement of an affidavit of merit is substantive or procedural.  However, *Williams v. United States*, 754 F.Supp.2d 942 (W.D. Tenn. 2010) involves an analysis of Tennessee's similar affidavit of merit requirement in the context of a FTCA case.  The court in *Williams* found that the requirement was substantive.

To determine whether a law is substantive or procedural, a court must ask whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court."  *Guaranteed Trust Co. v. York*, 326 U.S. 99, 109 (1945).  However, the Supreme Court has also cautioned against strict application of the "outcome-determinative" test.  *See Byrd v. Blue Ridge Rural Elec. Co-op, Inc.*, 356 U.S. 525, 535-37 (1958) (rejecting strict application of outcome-determinative test and looking to whether state law "bound up with rights and obligations in such a way that its application in the federal court is required," and applying federal law because of "affirmative countervailing considerations" of federal policy).  Courts should consider *Erie*'s twin policies of discouraging forum-shopping and avoiding inequitable administration of the law and should carry out a "relatively unguided *Erie* choice."  *Id.*

When first determining whether there is a conflict between state law and federal law requiring *Erie* analysis, "the first and chief question for the district court's determination is whether the federal statute is 'sufficiently broad to control the issue before the Court.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).  If the federal statute controls the issue, then the state law is preempted and not applied.  If, on the other hand, the federal

statute does not cover the point in dispute, "the district court then proceeds to evaluate whether the application . . . would disserve the so-called 'twin aims of the *Erie* rule . . . .'" *Id.* at 27 n.6 (quoting *Hanna*, 380 U.S. at 468).

Defendant argues that application of the affidavit requirement would conflict with statutes of the United States, namely Federal Rule of Civil Procedure 7(a), which sets out the pleadings allowed in a case in federal court. Defendant also argues that the rule would conflict with Federal Rule of Civil Procedure (a)(2), which sets out the procedure for disclosure of expert testimony, requiring that disclosure be made no later than 90 days before trial. Defendant cites no case law for the proposition that an affidavit requirement (which exists in other states such as Tennessee) conflicts with the Federal Rules of Civil Procedure. While Rule 7 sets out the form of pleadings, plaintiffs and defendants are, of course, allowed to attach evidence such as documents and affidavits to their pleadings. A requirement that an Affidavit of Merit/Meritorious Defense be attached to the pleadings/answer does not conflict with Rule 7. Similarly, Fed. R. Civ. P. 26(a)(2)(D) requires that expert testimony be disclosed "at the time and in the sequence the court orders." Only in the absence of a court order are the disclosures required at least 90 days before trial. The court does not find the affidavit requirement to be similar to "expert testimony," but even if it were, the affidavit requirement does not conflict with the loose requirement of Rule 26. Further, the Federal Tort Claims Act itself does not set out any pleadings requirements of filings necessary to accompany the complaint, and thus does not conflict with the Michigan requirement. The Michigan affidavit requirement and the FTCA and federal rules can "exist side by side, therefore, each controlling its own intended sphere of coverage without conflict." *Walker v. Armco Steel Corp.*, 446 U.S.740, 752 (1980).

If this Court were to apply the Michigan affidavit requirement, it would indeed "significantly affect the result of" the current litigation, and is thus outcome-determinative, which weigh in favor

of concluding the requirement is substantive.  *See Guar*, 326 U.S. at 109.  The Michigan requirement

bars recovery for plaintiffs who fail to comply, and allows default against defendants who do not file

an affidavit of meritorious defense.  In this sense, it is similar to a statute of limitations, which is

substantive for *Erie* purposes.  *See Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994).

　　　　*Erie* also seeks to avoid forum-shopping and inequitable administration of the law.  *Hanna*,

380 U.S. at 468.  Forum-shopping is not a concern in FTCA cases, as said cases may only be filed in

federal court.  However, if this Court did find the Michigan affidavit requirement to be procedural,

plaintiffs might choose to file wrongful death and medical malpractice cases based on diversity in

federal court to avoid the affidavit requirement.  This would result in forum-shopping and inequitable

administration of the law.

　　　　Defendant, at oral argument, stated that it had been the policy of the United States Attorney's

Office for the Eastern District of Michigan not to raise the Affidavit of Merit Requirement against

plaintiffs.  Tr. at 17.  Defendant characterized *Luckett*, where the United States did raise the affidavit

requirement, as a mistake.  While the court is sympathetic to Defendant's policy of not raising this

issue, this sympathy does not affect the court's conclusion that the affidavit requirement is substantive

and must be followed by both parties in a FTCA case in Michigan.

　　　　The court finds that the twin aims of *Erie* weigh in favor of concluding that the Michigan

affidavit of merit/meritorious defense requirement is substantive and not procedural, and hold that this

requirement applies in this case.

### Remedy

　　　　In *Kowalski v. Fiutowski*, 635 N.W.2d 502 (Mich. App. 2001) the court discussed the possible

remedies for violation of Mich. Comp. L. § 600.2912e.  While a court "may strike the answer and

enter a default," "default [is but one] permissible remedy . . . [and] the trial court . . . [has the]

Page 17 of  18

discretion to fashion any other appropriate sanction." *Id.* at 506. In determining the appropriate remedy for failure to file an affidavit of meritorious defense, the court should consider "the reason for defendants' delays, what other actions defendants took to apprise plaintiffs and the court of those reasons, any prejudice to plaintiffs resulting from the delays, and any other factors relevant to the determination." *Id.* In other cases involving a failure to file an appropriate affidavit of meritorious defense, courts have prohibited the defense from calling an independently retained expert witness as a sanction. *Glenn v. Martens*, 2006 WL 955134 (Mich. App. 2006). The court did not bar standard of care testimony from the defendant or other doctors providing treatment to plaintiff's decedent, but barred an independent expert as a sanction linked to defendants failure to file an affidavit of merit.

Plaintiff's Motion for Default is therefore GRANTED IN PART insofar as the court finds the affidavit of meritorious defense to be a substantive requirement. The court declines to award default judgment to the Plaintiff. The court finds that the lesser remedy of Defendant being prohibited from calling an independent expert is appropriate given Defendant's failure to file an affidavit of meritorious defense.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss [20] is **DENIED**. Plaintiff's Motion for Default Judgment is **GRANTED IN PART**.

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 1, 2012