UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBBIN BADE,  

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.
                                  /

Case No.  11-10780

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [65]

Before the court is Defendant's Motion for Reconsideration [65] of this court's order [60] granting in part Plaintiff's Motion for Default [22]. Defendant requests that the court reconsider the sanction imposed due to Defendant's failure to comply with Mich. Comp. L. § 600.2912e, which requires defendants in medical malpractice cases to file an Affidavit of Meritorious defense within 91 days of the filing of an Affidavit of Merit by a plaintiff. For the reasons stated below, Defendant's Motion for Reconsideration is DENIED.

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (a motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the

discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Defendant argues that the palpable defect in the court's order is the court's imposition of a sanction on Defendant for failing to comply with the requirements of Mich. Comp. L. § 600.2912e. Defendant argues that, because of a lack of precedent from the Sixth Circuit Court of Appeals on whether litigants in federal court must comply with the requirements of Mich. Comp. L. § 600.2912e, Defendant did not believe it necessary to comply with the Michigan statute.

Defendant also relies on *Harmon v. CSX Trans., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997), as providing a list of factors the court should have considered prior to imposing sanctions. These factors include: (1) whether Defendant acted willfully or in bad faith; (2) whether Plaintiff was prejudiced by Defendant's failure to comply; (3) whether the court considered less drastic sanctions prior to dismissal; (4) whether the dismissed party was warned that failure to cooperate could lead to dismissal.

*Harmon* involves a discussion regarding the factors a district court should consider in dismissing a case for discovery violations pursuant to Fed. R. Civ. P. 37(b). Because this case involves neither sanctions for discovery violation nor dismissal as a sanction, it is not relevant to the court's determination. Nevertheless, even if the court considers the factors set out in *Harmon* as applicable, Defendant has failed to present a palpable defect in the court's reasoning.

**Willful/Bad Faith**

Defendant cites to an unpublished case in this district, *Krcmarik v. United States*, Civil Action 04-cv-72275 (E.D. Mich. 2005) (Steeh, J.), in which the court found that Defendant United States was not required to file an affidavit of meritorious defense. Defendant argues that, because

"[t]here is no District Court or Circuit decision that disagrees with Krcmaric [sic]," Defendant had no reason to think that compliance with Mich. Comp. L. § 600.2912e was necessary. However, in its order, this court noted three district court opinions in Michigan that had found that an Affidavit of Merit was required in federal court:

> in *Zappley v. Sharfenberg*, 2009 WL 2132727, at *1 (W.D. Mich. 2009), the court found that a plaintiff was required to file an affidavit of merit as part of the "substantive cause of action." Similarly, in *Luckett v. United States*, 2009 WL 1856417, at *6 (E.D. Mich. 2009) (Steeh, J.), the court granted summary judgment to the defendant because of a lack of an attached affidavit of merit; the court did not explicitly find that the requirement was substantive, but nevertheless applied Michigan law. In *Harrington v. Ann Arbor VA Hosp.*, 2011 WL 2435344 (E.D. Mich. June 16, 2011) (Ludington, J.) the court adopted a Report and Recommendation finding, as an alternative ground for dismissal, that the plaintiff had failed to file an affidavit of merit. 2011 WL 2448002, at *4 n.1 (E.D. Mich. May 23, 2011).

*Bade v. United States*, 2011 WL 1555072, at *8 (E.D. Mich. May 1, 2012).

As noted in its previous order, the court did not find Defendant's argument, attempting to distinguish the Affidavit of Merit as a substantive requirement necessary for plaintiffs in federal court versus an Affidavit of Meritorious Defense as a procedural requirement that defendants need not file in federal court, persuasive. Given three decisions interpreting the requirements of Mich. Comp. L. § 600.2912e as applicable in federal court, defendant was sufficiently on notice that compliance with Michigan law was necessary.

Moreover, bad faith or willfulness has been discussed by the Sixth Circuit as when a litigant has "the ability to comply" with a requirement, but nevertheless chooses not to comply. *See Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.3d 150, 154 (6th Cir. 1988) (citing *Nat. Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642-43 (1976)). Defendant does not argue that they lacked the ability to comply with the requirements of Mich. Comp. L. § 600.2912e, but rather that they thought they were not required to comply. Thus, Defendant acted "willfully."

3

### Prejudice to Plaintiff

In *Harmon*, 110 F.3d at 368, the court noted prejudice occurs when a party is "required to waste time, money, ane effort in pursuit of cooperation which [the opposing party] was legally obligated to provide." The court has already ruled that Defendant was legally obligated to file an Affidavit of Meritorious Defense. The prejudice to Plaintiff consists of the effort required to persuade Defendant to comply with their legal obligation.

### Imposition of a Lesser Sanction

In *Harmon*, 110 F.3d at 367, the court stated that a trial court should consider the imposition of a lesser sanction, short of dismissal, for failure to comply with discovery requirements. This court, at oral argument, noted that dismissal or default judgment had been endorsed by Michigan courts as an appropriate sanction for failure to comply with Mich. Comp. L. § 600.2912e. Nevertheless, this court instead considered limiting Defendant's expert witnesses, a sanction noted with approval in *Glenn v. Martens*, 2006 WL 955134 (Mich. App. 2006). When asked what an appropriate lesser sanction might be, Defendant did not provide the court with alternative suggestions.

Thus, this court imposed a lesser sanction short of dismissal despite Defendant's failure to comply with the requirements of Mich. Comp. L. § 600.2912e.

**Warning Prior to Dismissal**

The court notes that this factor is inapplicable given that there was no dismissal or grant of default judgment. Nevertheless, in *Harmon*, the court noted that one party was on notice that a sanction of dismissal could be imposed because the opposing party had filed a motion to dismiss based on failure to comply with discovery request. *Harmon*, 110 F.3d at 368. In this case, Plaintiff filed a motion for default judgment based on Defendant's failure to provide an Affidavit of

4

Meritorious Defense; Plaintiff also suggested a prohibition on Defendant present expert testimony regarding standard of care as a sanction.  Defendant was thus on notice that default judgment was a possible sanction, as was a prohibition on expert testimony.

**Conclusion**

Defendant, on a motion for reconsideration, must demonstrate a palpable defect in the court's previous decision.  Even if the court accepts the *Harmon* factors presented by Defendant as bearing on the court's imposition of sanctions, Defendant has failed to demonstrate a palpable defect in this court's order.

Accordingly, Defendant's Motion for Reconsideration [65] is **DENIED**.

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 18, 2012